In Equity.

Patrick J. Flaherty vs. Charles E. Libby.

Cumberland.    Opinion October 5, 1911.

Contracts.   Restraint of Trade.   Validity.   Equity.   Injunction.

An agreement by a seller of a business not to re-engage in a similar business in the same city for five years, if made on a sufficient consideration, is enforceable in equity.

The defendant, the owner of a trucking business in the city of Portland, on the first day of August, 1910, sold, transferred, and delivered the same to the plaintiff, the bill of sale containing the following agreement: "I also, in consideration of above, and other considerations named in the mortgage which is a part of this transaction, agree not to engage in any similar business in Portland, or vicinity, for the term of five years from the day of the date hereof." Afterwards in May, 1911, the defendant entered into the employment of another person who was engaged in the trucking business in Portland, the defendant being employed as a lumper, assisting the teamsters of his employer in loading and unloading teams engaged in the trucking business. The plaintiff then brought a bill in equity to have the defendant enjoined.

Held: That the defendant be "enjoined and restrained, during the pendency of the suit and during the remainder of the term of five years yet to elapse, as specified in said agreement, from carrying on, either alone or jointly with or as agent or servant of any person or persons, or agent, director, or servant of any other company, or otherwise, directly or indirectly, to assist in carrying on any business of a similar nature to the business transferred by him to the plaintiff at said Portland."

In equity.   On report.   Defendant enjoined.

Bill in equity brought by the plaintiff praying that the defendant be enjoined from engaging either directly or indirectly in the trucking business in the city of Portland for five years.   The defendant had previously sold his trucking business in said city to the plaintiff and had agreed in writing that he would not engage in "any similar

business in Portland, or vicinity," for the term of five years from the date of the agreement. An agreed statement of facts was filed and the cause reported to the Law Court for determination.

The case is stated in the opinion.

*Connellan & Connellan,* for plaintiff.

*Percy M. Andrews,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

HALEY, J. This is a bill in equity, reported to this court upon an agreed statement of facts.

On the first day of August, 1910, and for several years prior thereto, the defendant, Charles E. Libby, was the owner of a trucking business in the city of Portland, and on that day sold, transferred and delivered said business to the plaintiff, the bill of sale being in the ordinary form, with a full description of the property sold, and containing the following agreement:

"I also, in consideration of above, and other considerations named in the mortgage which is a part of this transaction, agree not to engage in any similar business in Portland, or vicinity, for the term of five years from the day of the date hereof."

The first week in May, 1911, the defendant entered into the employment of one Joseph F. Stephenson, who was engaged in the trucking business in Portland, being a business similar to that sold by the defendant to the plaintiff. The defendant was employed as a lumper, assisting teamsters of Stephenson in loading and unloading the teams engaged in the trucking business. He had been so employed for about two weeks when the plaintiff brought this bill in equity, asking that he be "enjoined and restrained, during the pendency of the suit and during the remainder of the term of five years yet to elapse, as specified in said agreement, from carrying on, either alone or jointly with or as agent or servant of any person or persons, or agent, director or servant of any other company, or otherwise, directly or indirectly, to assist in carrying on any business of a similar nature to the business transferred by him to the plaintiff at said Portland."

It is customary and oftentimes necessary that a person purchasing the business of another, with the good-will that should follow the transaction, enters into an agreement with the seller whereby the seller is restricted from engaging in a similar business within specified districts. If these agreements are not made the seller, if he sees fit, can immediately begin business upon his own account, or in the employment of a rival of the purchaser and completely destroy the good-will which he has sold and for which he has received a valuable consideration. When an agreement of this kind is made for a sufficient consideration, (which is not questioned in this case), the parties are bound by it, and cannot do indirectly what they have no right to do directly. As said by this court in *Emery* v. *Bradley*, 88 Maine, 357, which was a bill in equity asking for an injunction restraining the defendant from remaining in the employment of his son as a photographer, he having previously sold out his photograph business to the plaintiff and agreed to do no more of that business in the town. "The spirit of the agreement requires that he (defendant) should not compete in the business with the plaintiff, either directly in his own name or indirectly as clerk or agent of some one else." And in the case of *Whitney* v. *Slayton*, 40 Maine, 224, the defendant had sold his business of manufacturing iron castings and given a bond not to engage in the iron casting business within sixty miles of the place where the business was located, and he afterwards became a stockholder in a corporation engaged in the manufacture of iron castings in the same place, the court held that, by becoming a stockholder in the corporation, he had violated the conditions of his bond as he also had by being in the employment of the corporation.

In this case the defendant is employed as a servant of a business rival of the plaintiff, and by being in the employment of a rival undoubtedly may influence, to a greater or less extent, some of his former customers who should now be the customers of the plaintiff, to employ the rival of the plaintiff. It is but just that the parties to an agreement of this kind, entered into for a valuable consideration, should not only live up to the letter of the agreement, but also to its spirit. It is so easy for one indirectly, by word or con-

duct, to utterly destroy the good-will of a business which he has sold, and which another in good faith has purchased, adequate damages for which, owing to the rules of law governing the assessment of damages, cannot be awarded, that equity carefully scrutinizes the conduct of the seller, and if, directly or indirectly, he so conducts himself that his agreement not to engage in the business is violated, promptly restrains with its writ of injunction further acts that tend to take from the purchaser the rights that he acquired by purchase from the seller. Good faith upon the part of the defendant required that he should not, by word or conduct, directly or indirectly, obtain business for competitors of the plaintiff within the territory named in the agreement, or directly or indirectly give the public within that territory to understand that he was still engaged, for himself or in the employment of another, in the same business he had agreed not to engage in for the period mentioned in the agreement. This the defendant has not done, but, according to the agreed statement, he has directly violated, and at the time this bill was filed, by his conduct and employment, was violating both the letter and the spirit of his agreement. Equity does not sanction such conduct. The defendant should neither directly nor indirectly violate his agreement.

*Bill sustained with cost. Injunction to issue as prayed for.*